JOURNAL ENTRY AND OPINION
{¶ 1} D.E., a minor, appeals from the juvenile court's decision adjudicating him to be delinquent by reason of having committed drug trafficking and drug possession offenses which, if committed by an adult, would constitute second degree felonies. He contends that the evidence was insufficient to support the delinquency adjudication and that the adjudication was against the manifest weight of the evidence. We find sufficient evidence in the record to support the delinquency adjudication. We cannot say the court clearly lost its way. Therefore, we affirm.
 Facts and Procedural History {¶ 2} A complaint filed February 9, 2007 charged that appellant (1) knowingly, in the vicinity of a juvenile, prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed more than 10 grams but not more than 25 grams of crack cocaine, knowing or having reasonable cause to believe that the cocaine was intended for sale or resale by himself or another; and (2) knowingly obtained, possessed or used more than 10 grams but not more than 25 grams of crack cocaine. An adjudication hearing was held on May 2, 2007, at the conclusion of which the court adjudicated appellant delinquent on both charges. Following the dispositional hearing on June 6, 2007, the court ordered that appellant be placed on community control under the supervision of a court probation officer, with the special condition that he perform 25 hours of community service. *Page 3 
 {¶ 3} At the adjudication hearing, the court heard the testimony of Cleveland Police Officer Timothy Combs, scientific examiner Crystal Sills, and witness Jack Johnson. Officer Combs testified that he and his partner responded to a report of drug activity on Hale Avenue at approximately 3:00 p.m. on December 28, 2006. The area was reputed to be a "high drug area." When he arrived at the given address, he observed a group of males standing in front of the house; two of them fled and he pursued them. As they ran, the two males both threw something into the yard and then jumped over a fence. Officer Combs apprehended them in the next yard. Officer Combs retraced his steps through the adjoining yard and found a bag of suspected crack cocaine. He did not know which male threw the bag; both had made throwing motions. When the two males were searched incident to arrest, each of them had live rounds of ammunition for different types of handguns.
 {¶ 4} Jack Johnson testified that on December 28, 2006, he called the police because he saw a group of eight boys in front of his house passing a gun back and forth. He also saw one member of the group sell a "rock" to someone in a car. The police responded approximately 15 minutes later, and the boys scattered. One of the boys (appellant's co-delinquent) "threw the bag of dope down, and then jumped over my fence and broke my fence." The other, appellant, threw down a handgun, although the gun was never recovered. Johnson said a third boy came on his property and recovered the gun. *Page 4 
 {¶ 5} Crystal Sills, a scientific examiner, testified that she determined that the material recovered weighed 11.79 grams and tested positive for cocaine.
 Law and Analysis {¶ 6} In his first assignment of error, appellant contends that the evidence was insufficient to support his delinquency adjudictions. To determine whether the adjudications are supported by sufficient evidence, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} Appellant first claims there was no evidence that he was involved in drug trafficking because there was no direct or circumstantial evidence he participated in any drug transaction. An aider or abettor may be prosecuted as if he were the principal offender. R.C. 2923.03(F). To aid means to assist. "`Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" State v. Cartellone (1981),3 Ohio App.3d 145, 150 (quoting State v. Pruitt (1971), 28 Ohio St.2d 29, 34).
 {¶ 8} Both the police and Mr. Johnson observed that appellant and the co-delinquent were part of a group standing on the street in a "high drug area." Mr. Johnson testified that he saw appellant with a gun. Mr. Johnson also saw the co-delinquent approach a vehicle, engage in a hand-to-hand transaction, then return to *Page 5 
the group. Both appellant and his co-delinquent fled when the police arrived. Cf. State v. Eaton (1969), 19 Ohio St.2d 145, paragraph six of the syllabus ("[f]light from justice, and its analogous conduct, may be indicative of a consciousness of guilt"). Mr. Johnson saw appellant throw the gun away when appellant and his co-delinquent were fleeing from the police. A bag containing crack cocaine was recovered from an area where Officer Combs observed both delinquents throwing something away as they ran, and ammunition was recovered from appellant's person. From this, the factfinder could infer that appellant was present with the gun to aid the co-delinquent in trafficking drugs.
 {¶ 9} Appellant also argues that there was no evidence that he possessed drugs. Possession means having control over a thing or substance. R.C. 2925.01(K). Possession may be individual or joint. Joint possession exists when two or more persons have the ability to control an object to the exclusion of others. State v. Fletcher, Summit App. No. 23171, 2007-Ohio-146, ¶ 20. Possession may also be constructive or actual. A person has constructive possession when he is able to exercise dominion and control over it. State v. Wolery (1976), 46 Ohio St.2d 316,332.
 {¶ 10} There was evidence in this case that appellant and the co-delinquent were acting together to sell crack cocaine. Although appellant did not have actual possession of the cocaine, the evidence of their joint enterprise was sufficient to *Page 6 
allow the court to find that appellant had constructive, joint possession of it as well. See State v. Correa (May 15, 1997), Cuyahoga App. No. 70784.
 {¶ 11} Accordingly, we overrule the first assignment of error.
 {¶ 12} The second assignment of error contends that appellant's delinquency adjudications were against the manifest weight of the evidence. In evaluating a claim that a conviction is contrary to the manifest weight of the evidence, we review the entire record, weigh the evidence and the reasonable inferences from the evidence, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 387.
 {¶ 13} Appellant's arguments with respect to the weight of the evidence are exactly the same as the arguments we already rejected regarding the sufficiency of the evidence. We perceive no reason to question the credibility of the witnesses or to believe that the court lost its way. Accordingly, we overrule the second assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J. CONCUR. *Page 1